KING, P.J.,
for the court.
¶ 1. Michael Weston appeals the dismissal of his request for post-conviction relief in the Hinds County Circuit Court. Weston raises the following assignments of error: (1) whether he received effective assistance of counsel and (2) whether his plea of guilty was voluntary. Upon review of the record, we find that Weston’s assignments of error are procedurally barred.
FACTS
¶ 2. On February 6, 1991, Weston was indicted for conspiracy to distribute cocaine. On February 11,1992, Weston pled guilty to conspiracy to distribute cocaine. The trial court accepted Weston’s plea as voluntarily and intelligently made. On March 11, 1992, Weston was sentenced to five years with four years suspended and one year to serve.
¶ 3. At some time, not designated by the record, Weston failed to report to serve his sentence. It was later discovered that Weston was serving a fourteen-year and ten-month sentence in a Kentucky federal prison. On October 17, 1996, the State of Mississippi completed a detainer with the Federal Correction Institution in Manchester, Kentucky where Weston was incarcerated.
¶ 4. On November 13, 1997, Weston requested that his Mississippi sentence run concurrently with his federal sentence. On November 19, 1997, the circuit court denied this motion. At a later date, Weston filed a petition with the circuit court for post-conviction relief. This petition is not a part of the designated record before this Court. Nevertheless, the record does provide the order dismissing Weston’s post-conviction petition dated and signed on July 22,1998.
Resolution of Issues
¶ 5. The Mississippi post-conviction statute requires that any motion for post-conviction relief be filed within three years of entry of the judgment of conviction.[1] The failure to file a post-conviction relief request within the three-year limitation will result in a procedural bar. However, the statute enumerates three exceptions to the procedural bar of post-conviction relief. It provides
*1043-1049 Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital eases which shall be made within one (1) year after conviction.
Mississippi Code Annotated Section 99-39-5(2) (Rev.2000).
¶ 6. Weston was sentenced on March 10, 1992, at which time his three-year period of limitation started. The record before this Court does not contain a copy of Weston’s request for post-conviction relief. There is however an order in the record, dated July 22, 1998, which denied post-conviction relief. While the record reflects gaps in the chronology of Weston’s post-conviction petition relief efforts, there is enough clarity and coherence in the record to support the denial of post-conviction relief.
¶ 7. The order of denial states that the motion is beyond the three-year period of limitation and is not subject to any of the enumerated exceptions. Weston does not dispute this finding, nor does he demonstrate that he presented evidence sufficient to establish the applicability of any exception. Weston’s request for relief was required to be filed on or before March 10, 1995. It was not filed by March 10, 1995, and the circuit court properly denied relief.
¶ 8. This Court affirms the Hinds County Circuit Court’s denial of post-conviction relief.
¶ 9. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.

. A motion for relief under this article shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Mississippi Code Annotated Section 99-39-5(2) (Rev.2000).